IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

ARVEST BANK,                            )
                                        )
    Plaintiff,                        )
                                        )
v.                                      )      No. 10-02004
                                        )
PRESTON E. BYRD, DONETTE L.             )
BYRD, and PRESTON E. BYRD               )
IRREVOCABLE INSURANCE TRUST,            )
                                        )
    Defendants.                       )

---

**ORDER DENYING MOTION TO STAY ENFORCEMENT OF JUDGMENT PENDING APPEAL**

---

Before the Court is Defendant Preston E. Byrd's ("Byrd")
October 29, 2012 Motion to Stay Proceedings to Enforce Judgment
Pending Appeal under Federal Rule of Civil Procedure 62(d).[1]
(Mot. to Stay, ECF No. 206.)  Plaintiff Arvest Bank ("Arvest")
responded on October 30, 2012.  (Resp. in Opp. to Defs.' Mot. to
Stay, ECF No. 207 ("Resp.").)  Byrd and his wife and codefendant
Donette L. Byrd ("Donette Byrd", collectively, "the Byrds")
replied on October 31, 2012.  (ECF No. 209.)  For the following
reasons, Preston Byrd's Motion to Stay Enforcement of Judgment
is DENIED.

---

[1] Although Preston Byrd's Motion purports to seek a Stay of Enforcement of the
Judgment against himself and his wife, Donette L. Byrd, Preston Byrd is
proceeding pro se and is not a licensed attorney.  Preston Byrd is not
entitled to represent his wife.  The Court interprets his Motion as a request
to stay enforcement of the Judgment against Preston Byrd only.  See W.D.
Tenn. L.R. 83.4(a).

**I.   Background**

Arvest contended at trial that Byrd had defrauded it by using Arvest's funds for his personal benefit.  Arvest contended that Donette Byrd had willfully and knowingly ratified the wrongful acts of Preston Byrd and accepted the benefits of his conversion of funds.  Arvest contended that transfers to Donette Byrd were made to hinder, delay, and defraud Arvest as an existing creditor.

On December 23, 2011, a jury returned a verdict for Arvest against the Byrds.  (Jury Verdict, ECF No. 173.)  The jury found that Preston Byrd had converted the funds of Arvest Bank, committed fraud in the inducement of a contract, been unjustly enriched, and made fraudulent conveyances.  (Id.)  The jury found that Donette L. Byrd had retained the benefits of fraudulent conveyances.  (Id.)  The jury assessed damages against both Byrds and punitive damages against Preston Byrd.  (Jury Verdict on Punitive Damages, ECF No. 175.)  Judgment was entered against the Byrds pursuant to the jury verdict on December 30, 2011.  (Judgment, ECF No. 177.)

On January 27, 2012, the Byrds, proceeding pro se, filed Motions for New Trial under Federal Rule of Civil Procedure 59.  (Preston Byrd's Motion for New Trial, ECF No. 180; Donette Byrd's Motion for New Trial, ECF No. 181.)  The Court denied the Byrds' Motions for New Trial on September 27, 2012.  (Order

Denying Mot. for New Trial, ECF No. 203.)  On October 29, 2012,
the Byrds, continuing pro se, filed a Notice of Intent to Appeal
the Court's Order on the Jury Verdicts (ECF No. 176), its
Judgment on the Jury Verdicts (ECF No. 177), its Order Denying
the Byrds' Motions for Additional Time to Amend their Motions
for New Trial (ECF No. 202), and its Order Denying their Motions
for New Trial (ECF No. 203).  (Notice of Appeal, ECF No. 204.)
After filing his Notice of Appeal, Preston Byrd filed this
Motion.

## II.  Standard of Review

    Byrd moves the Court to stay enforcement of the Judgment
against him pending the resolution of his appeal under Federal
Rule of Civil Procedure 62(d).[2]  Rule 62(d) provides that, "[i]f
an appeal is taken, the appellant may obtain a stay by
supersedeas bond....The bond may be given upon or after filing
the notice of appeal or after obtaining the order allowing
appeal.  The stay takes effect when the court approves the
bond."

    A "stay of judgment usually requires a bond."  Pucci v.
Somers, 834 F. Supp. 2d 690, 706 (E.D. Mich. 2011).  A stay
under Rule 62(d) is generally "conditioned on the posting of a
supersedeas bond in an amount acceptable to the district court

_____

[2] Preston Byrd's Motion cites this rule as Federal Rule of Appellate Procedure
62(d).  Such a rule does not exist.  The Court understands him to move for
relief under Federal Rule of Civil Procedure 62(d), Stay with Bond on Appeal.

and the district court's approval." Titan Tire Corp. v. USW,

No. 09-4460, 2010 U.S. App. LEXIS 6083, at *4 (6th Cir. Mar. 10,

2010). The purpose of a supersedeas bond,

> is to preserve the status quo while protecting the non-
> appealing party's rights pending appeal. A judgment
> debtor...may use the bond to avoid the risk of satisfying the
> judgment only to find that restitution is impossible after
> reversal on appeal. At the same time, the bond secures the
> prevailing party against any loss sustained as a result of
> being forced to forgo execution on a judgment during the
> course of an ineffectual appeal.

Hall v. Consol. Freightways Corp., 142 Fed. App'x 875, 879 (6th

Cir. 2005) (quoting Poplar Grove Planting & Ref. Co. v. Bache

Halsey Stuart, Inc., 600 F.2d 1189. 1190-91 (5th Cir. 1979)).

Because of Rule 62(d)'s dual protective role, "a full

supersedeas bond should almost always be required." Vaughan v.

Memphis Health Ctr., Inc., No. 03-2470 Ma/V, 2006 U.S. Dist.

LEXIS 49708, at *4 (W.D. Tenn. July 20, 2006) (internal

citations omitted).

"'Although the amount of the bond usually will be set in an

amount that will permit satisfaction of the judgment in full,

together with costs, interest, and damages for delay, the courts

have inherent power...to provide for a bond in a lesser

amount,'" or to waive the bond requirement altogether. United

States v. GE, 397 Fed. App'x 144, 151 (6th Cir. 2010) (quoting

11 CHARLES WRIGHT, ET AL., FEDERAL PRACTICE & PROCEDURE § 2905,

at 522 (4th ed. 2008)). Rule 62(d) "entitles a party who files

a satisfactory supersedeas bond to a stay of money judgment as a matter of right." Arban v. West Publ'g Corp., 345 F.3d 390, 409 (6th Cir. 2003); see also Federal Prescription Serv., Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 759 (D.C. Cir. 1980). The Court "has no discretion to deny the stay itself, but only to fix the amount of (or to waive) the bond." Monks v. Long Term Disability Benefits Plan, No. 1:08-cv-752, 2012 U.S. Dist. LEXIS 63573, at *4 (S.D. Ohio May 7, 2012) (internal citations omitted). "'[T]he Rule in no way necessarily implies that filing a bond is the only way to obtain a stay.  It speaks only to stays granted as a matter of right...not...to stays granted by the court in accordance with its discretion.'" Arban, 345 F.3d at 409 (quoting Federal Prescription, 636 F.2d at 759).

Although the Sixth Circuit has not established a definitive standard to guide district courts in awarding stays without bond, "many district courts" in the Circuit "have held that a full supersedeas bond...should only be excused where the appellant has demonstrated the existence of extraordinary circumstances." Monks, 2012 U.S. Dist. LEXIS 63573, at *6 (internal citations omitted).  If the Court "'chooses to depart from the usual requirement of a full security supersedeas bond..., it should place the burden on the moving party to objectively demonstrate the reasons for such a departure.'" Vaughan, 2006 U.S. Dist. LEXIS 49708, at *2.

### III. Analysis

Byrd moves the Court to stay enforcement of the Judgment against him and to waive the requirement of a supersedeas bond. Because he has not submitted a bond for approval, it is within the discretion of the Court to award or deny the stay.  See Arban, 345 F.3d at 409.

Byrd has not "satisfied the burden of demonstrating 'extraordinary circumstances' that might override the requirement of posting a full supersedeas bond." Valley Nat'l Gas, Inc. v. Marihugh, No. 07-11675, 2008 U.S. Dist. LEXIS 89055, at *4 (E.D. Mich. Oct. 14, 2008).  Waiver is inappropriate unless, "for example, 'the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money,' or, 'the requirement would put the defendant's other creditors in undue jeopardy', and even in these events, the appellant must 'present a financially secure plan for maintaining that same degree of solvency during the period of an appeal.'" Id. (quoting Hamlin v. Charter Twshp. Of Flint, 181 F.R.D. 348, 351 (E.D. Mich. 1998) (reversed in part on other grounds)).

Byrd's justification for requesting a Stay of Enforcement is his purported lack of funds to satisfy the Judgment, and his entire basis for requesting waiver of the bond requirement is that lack of funds.  He cannot demonstrate that there is no risk

6

to Arvest if the Court issues an unsecured stay.  (ECF No. 204.)
By Byrd's own admission, he does not have the ability to pay the
Judgment.

Byrd's Motion also fails to demonstrate other extraordinary
circumstances.  He claims that requiring a supersedeas bond to
stay enforcement of the Judgment would force him into bankruptcy
and would thereby put his other creditors in undue jeopardy.
However, he presents no evidentiary support for his alleged lack
of funds, the existence of other creditors, his ability, if a
bond were waived, to satisfy other creditors, or the effect that
requiring a bond or allowing immediate enforcement of the
Judgment would have on his finances.  The burden on the movant
to demonstrate the extraordinary circumstances required for a
departure from the bond requirement cannot be satisfied by
unsupported claims of financial hardship.  Vaughan, 2006 U.S.
Dist. LEXIS 49708, at *4.  Byrd's Motion presents no evidence
that he is now solvent or can remain sufficiently solvent during
the pendency of the appeal to ensure that Arvest can recover on
the Judgment.  See Valley Nat'l Gas, 2008 U.S. Dist. LEXIS
89055, at *4.

Byrd does not provide evidence of any other extraordinary
circumstances that would support a discretionary stay in the
absence of a proper bond.  Byrd's only justification is his
claim of current financial hardship.  Assuming that this

7

unsupported assertion were true, waiving bond and awarding a stay on this basis alone would be directly contrary to the purposes of Rule 62(d).  If Byrd has such diminished assets that allowing judgment to proceed or requiring bond to grant a stay would cause him to go into bankruptcy, "[t]his is exactly the type of injury against which a supersedeas bond is designed to protect – the possibility that a judgment may later be uncollectible." Valley Nat'l Gas, 2008 U.S. Dist. LEXIS 89055, at *4.  A stay pending appeal without posting a supersedeas bond is properly within the district court's discretion to grant where the appellee's interest in collecting its judgment is adequately protected without a bond.  Arban, 345 F.3d at 409. Byrd admits that he cannot satisfy Arvest's Judgment against him now, and he presents no evidence to suggest that he will be better able to do so later if his appeal is unsuccessful.  (Mot. to Stay.)  Byrd's allegedly impecunious condition is not an extraordinary circumstance and is not a proper ground for a waiver of the bond requirement or for a stay under Rule 62(d).

## IV.  Conclusion

For the foregoing reasons, Preston Byrd's Motion for Stay of Enforcement of Judgment Pending Appeal is DENIED.


So ordered this 1st day of November, 2012.

s/ Samuel H. Mays, Jr._____
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE