# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| ARVEST BANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 10-02004 |
| | ) | |
| PRESTON E. BYRD, and | ) | |
| DONETTE L. BYRD, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ORDER GRANTING MOTION FOR CHARGING ORDER

Before the Court is Plaintiff Arvest Bank's June 16, 2014 Motion for Charging Order. (Mot. for Charging Order, ECF No. 235.) Plaintiffs Preston E. Byrd and Donette L. Byrd (collectively, "the Byrds") responded on July 2, 2014, and do not object to the Motion. (Resp., ECF No. 241.) For the following reasons, Arvest Bank's Motion for Charging Order is GRANTED.

I. Background

Plaintiff Arvest Bank contended at trial that Preston Byrd had defrauded it by using Arvest Bank's funds for his personal benefit. Arvest Bank contended that Donette Byrd had willfully and knowingly ratified the wrongful acts of Preston Byrd and accepted the benefits of his conversion of funds. Arvest Bank

also contended that transfers to Donette Byrd were made to hinder, delay, and defraud Arvest Bank as an existing creditor.

On December 23, 2011, a jury returned a verdict for Arvest Bank against the Byrds. (Jury Verdict, ECF No. 173.) The jury found that Preston Byrd had converted the funds of Arvest Bank, committed fraud in the inducement of a contract, been unjustly enriched, and made fraudulent conveyances. (Id.) The jury found that Donette Byrd had retained the benefits of fraudulent conveyances. (Id.) The jury assessed damages against the Byrds and punitive damages against Preston Byrd. (Jury Verdict on Punitive Damages, ECF No. 175.) Judgment was entered against the Byrds on December 30, 2011 in the respective amounts of $6,513,954.24 against Preston Byrd and $659,000.00 against Donette Byrd (collectively, the "Judgments"). (J., ECF No. 177.)

In its Motion for Charging Order, Arvest Bank represents that the Judgments are entirely unsatisfied and that the Byrds have exhausted all appeals. (Mot. for Charging Order, ECF No. 235.) Arvest Bank asks the Court to charge Horizon Financial Group, LLC, Horizon Companies, LLC, and Horizon Holding Company, LLC to recognize the Judgments. (Id.) The Byrds "do not object to Arvest Bank's Motion for Charging Order against these three entities." (Resp., ECF No. 241.)

**II. Standard of Review**

Even where, as here, a motion is uncontested, the court may grant relief only when appropriate under the applicable law. Stough v. Mayville Cmty. Sch., 138 F.3d 612, 614 (6th Cir. 1998). "'The court is required, at a minimum, to examine the movant's motion . . . to ensure that [the movant] has discharged [its initial] burden.'" Carver v. Bunch, 946 F.2d 451, 455 (6th Cir. 1991).

**III. Analysis**

Under Federal Rule of Civil Procedure 69, "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise." Fed. R. Civ. P. 69(a)(1). Enforcement of a district court judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Id.; see also Condaire, Inc. v. Allied Piping, Inc., 286 F.3d 353, 357 (6th Cir. 2002). Under Tennessee law, a charging order is the "exclusive remedy of a judgment creditor with respect to the judgment debtor's membership interest" in a limited liability company. Tenn. Code Ann. § 48-249-509. The Court may charge the debtor's "financial rights with payment of the unsatisfied amount of the judgment with interest." Id.

A charging order affects only the debtor's distributional interest in the limited liability company and does not permit the judgment creditor to reach company assets. Id. The charging order effectively acts to garnish the judgment debtor's financial rights in the limited liability company; a judgment creditor can only collect when the limited liability company makes a distribution or other payment to the judgment debtor with respect to the judgment debtor's transferable interest in the company. Id. "To the extent charged, the judgment creditor has only the rights of a transferee of [the judgment debtor's] financial rights." Id.

Horizon Financial Group, LLC, Horizon Companies, LLC, and Horizon Holding Company, LLC are active Tennessee limited liability companies with their principal place of business at 1016 W. Poplar Avenue, Suite 106, Collierville, TN 38017-2687 and their registered agent, CT Corporation System, located at 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710. (LLC Filing Docs., ECF No. 235-10.) No federal statute governs enforcement of a judgment against a member's interest in a limited liability company. Tennessee law establishes that a charging order is the exclusive remedy of a judgment creditor seeking to satisfy a judgment from a judgment debtor's interest in a limited liability company. Applying Tennessee law, the Court should order the requested recovery under Federal Rule of

4

Civil Procedure 69 from any interests the Byrds own in any of the three limited liability companies. Id.; Fed. R. Civ. P. 69(a)(1).

There is some uncertainty as to Preston and Donette Byrd's individual interests in Horizon Financial Group, LLC. On January 29, 2013, the Byrds, in sworn interrogatory answers, claimed that Donette Byrd owns 79.044% of Horizon Financial Group, LLC. (Answer to Interrog., ECF No. 235-3, at 3. See also Membership Interest Transfer Agreement, ECF No. 235-5 (agreement between Preston Byrd and Donette Byrd in which Preston purports to transfer his entire interest in Horizon Financial Group, LLC to Donette).) Subsequent tax returns represent that Preston Byrd, not Donette Byrd, is the owner of a 79.044% interest in Horizon Financial Group, LLC. (Tax Returns, ECF No. 235-6; see also Trial Tr., ECF No. 235-8 (trial testimony addressing the discrepancies between the Byrds' statements and the tax returns).)

Horizon Financial Group, LLC is the controlling member of Horizon Holding Company, LLC, owning a 67.05% interest. (Preston Byrd Aff., ECF No. 235-4.) Preston Byrd owns 80% of Horizon Companies, LLC. (Answer to Interrog., ECF No. 235-3.) Because of the uncertainty and conflicting information about Preston and Donette Byrd's individual ownership interests in these limited liability companies, Arvest Bank's request that

the Court's order apply to any interest either of the Byrds may own in any of the three companies is reasonable.

**IV. Conclusion**

For the foregoing reasons, Arvest Bank's Motion for Charging Order is GRANTED. Horizon Financial Group, LLC, Horizon Companies, LLC, and Horizon Holding Company, LLC are hereby charged to pay to Arvest Bank all sums, distributions, draws, financial entitlements, or other financial interests of Defendants Preston E. Byrd or Donette L. Byrd due or owed now or in the future to Defendants Preston E. Byrd or Donette L. Byrd on account of his or her direct or indirect interest in Horizon Financial Group, LLC, Horizon Companies, LLC, or Horizon Holding Company, LLC as of the date of this order and in the future, including amounts sufficient to satisfy the Judgments and accrued interest. Horizon Financial Group, LLC, Horizon Companies, LLC, and Horizon Holding Company, LLC are charged to recognize and honor the Judgments against Defendants Preston E. Byrd and Donette L. Byrd in favor of Arvest Bank until those Judgments are fully satisfied.

So ordered this <u>19th</u> day of August, 2014.

<u>s/ Samuel H. Mays, Jr.</u>
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE