UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

ARVEST BANK,

      Plaintiff,

v.                                            Case No. 10-cv-02004

PRESTON E. BYRD and
DONETTE L. BYRD,

      Defendants.

## ORDER RENEWING JUDGMENT

On December 16, 2021, Plaintiff Arvest Bank ("Arvest") moved the Court to enter an Order renewing and extending the Final Judgment entered by this Court on December 30, 2011, in favor of Arvest against Preston E. Byrd and Donette L. Byrd. On that date, Judgment for compensatory damages was entered in favor of Arvest against Preston E. Byrd in the amount of Four Million One Hundred Seventy Thousand Nine Hundred and Fifty Four and 24/100 ($4,170,954.24) Dollars; Judgment for punitive damages was entered in favor of Arvest against Preston E. Byrd in the amount of Two Million Three Hundred Forty-Three Thousand and no/100 ($2,343,000.00) Dollars; and Judgment for compensatory damages was entered in favor of Arvest against Donette L. Byrd in the amount of Six Hundred Fifty-Nine Thousand and no/100 ($659,000.00) Dollars.

Because no specific federal statute of limitations governs how long judgments are effective, the Court must apply Tennessee law. *See, e.g.*, *Lillie v. Hunt*, Adv. Proc. No. 92-1060 (Bankr.

W.D. Tenn. May 3, 2005) (citing *Szybist v. Aircraft Acquisition Corp. (Taylorcraft Aviation Corp.)*, 163 B.R. 734, 738 (Bankr. M.D. Penn. 1963)).

Tennessee law provides that "actions on judgments and decrees of courts of record of this or any other state or government" must be commenced within ten years after the cause of action accrued. Tenn. Code Ann. § 28-3-110(2). However, the ten-year limitation period may be extended under applicable Tennessee procedure.

Federal Rule of Civil Procedure 69(a)(1) provides that, where there is no governing federal statute, "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located . . . ."

Tenn. R. Civ. P. 69.04 provides, in pertinent part:

**69.04. Extension of Time**. Within ten years from the entry of a judgment, the creditor whose judgment remains unsatisfied may file a motion to extend the judgment for another ten years. A copy of the motion shall be mailed by the judgment creditor to the last known address of the judgment debtor. If no response is filed by the judgment debtor within thirty days of the date the motion is filed with the clerk of court, the motion shall be granted without further notice or hearing, and an order extending the judgment shall be entered by the court.

Arvest's motion represents that, contemporaneously with the filing of its Motion, a copy was mailed to Preston E. Byrd and Donette L. Byrd. No response stating an objection to the renewal of the judgment has been filed.

IT IS THEREFORE ORDERED that the Final Judgment entered by this Court against Preston E. Byrd and Donette L. Byrd on December 30, 2011, in favor of Arvest Bank against Preston E. Byrd for compensatory damages in the amount of Four Million One Hundred Seventy Thousand Nine Hundred and Fifty Four and 24/100 ($4,170,954.24) Dollars; in favor of Arvest

2

against Preston E. Byrd for punitive damages in the amount of Two Million Three Hundred Forty-Three Thousand and no/100 ($2,343,000.00) Dollars; and in favor of Arvest against Donette L. Byrd for compensatory damages in the amount of Six Hundred Fifty-Nine Thousand and no/100 ($659,000.00) Dollars; is hereby renewed and extended for an additional ten years. Renewal of the judgment does not require the Court to determine the amount owed at this time, whether by accrual of post-judgment interest or by payments in partial satisfaction of the judgment.

DATED this 18th day of January, 2022.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE